## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

JUDITH ANN HUTHNANCE ROZIER

VERSUS

PRUDENTIAL INSURANCE CO OF
AMERICA ET AL

CASE NO.  1:19-CV-00577

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM RULING AND ORDER

On May 16, 2023, the Court issued its Judgment finding that defendant Malcolm Dale

Harrington was the proper beneficiary of an ERISA-regulated life insurance policy and dismissing

the claims of Judith Rozier challenging Mr. Harrington's right to those proceeds. [ECF No. 115].

Mr. Harrington has now submitted a Motion for Attorney Fees and Additional Costs under 29

U.S.C. § 1132 [ECF No. 117].

In a case under ERISA, the Court has discretion to award attorney's fees and costs pursuant

to 29 U.S.C. § 1132(g)(1), which provides that:

> In any action under this subchapter (other than an action described in paragraph
> (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow
> a reasonable attorney's fee and costs of action to either party.

The Fifth Circuit has set forth five discretionary factors courts should consider in determining

whether to award attorney's fees, namely: (1) the degree of the opposing parties' culpability or

bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether

an award of attorneys' fees against the opposing parties would deter other persons acting under

similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all

participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding

ERISA itself; and (5) the relative merits of the parties' positions.[1] These factors are often referred to as "*Bowen* factors." The present case is not a typical ERISA challenge to a plan administrator's actions with regard to benefits. However, the *Bowen* factors are appropriate factors for the Court to consider in determining whether to grant attorney's fees and costs in the present case.

With respect to the "bad faith" factor, the Court does not find evidence of bad faith that weighs in favor of a fee award in the present case. Rozier's position in this litigation was that the beneficiary card for the insurance policy at issue was not actually signed by her late husband, and that his signature was forged. While Rozier ultimately did not prevail, there is no evidence in the record that she was litigating her position for purposes of delay or harassment, or that she knowingly advanced a false or frivolous position merely to obtain a settlement. Rather, Rozier genuinely appears to believe her position that the benefit card was forged.

As to the second factor, the Court has nothing in the record to evaluate Ms. Rozier's ability to satisfy an award of attorney's fees. While the Defendant has pointed to evidence indicating certain property that Ms. Rozier owns, Ms. Rozier has claimed that she is a 72-year-old retired woman living month to month on social security and does not have the ability to pay a fee award in excess of $100,000.

The third and fourth factors weigh against an award of attorney fees. The present case involved a highly case-specific factual scenario that will not impact other persons acting under similar circumstances. Also, the case only impacted the parties to the present case and not any other participants or beneficiaries, nor did the case involve a significant ERISA legal question. Finally, with regard to the fifth factor, while Mr. Harrington ultimately had a stronger case, the

---

[1] *Iron Workers Loc. No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

Court cannot conclude that the relative merits of the parties' positions warrant an award of attorney fees.

Considering the record as a whole, the *Bowen* factors weigh against an award of attorney's fees under 29 U.S.C. § 1132(g)(1). The Motion for Attorney Fees and Additional Costs under 29 U.S.C. § 1132 [ECF No. 117] is DENIED.

IT IS SO ORDERED.

THUS DONE in Chambers on this 18th day of December, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE